JACKSON BANK *vs.* FRANK A. IRONS *et als.*

The former decision in this case, 18 R. I. 918, is affirmed.

DEBT on a promissory note.    On defendants' motion for
reargument.

See 18 R. I. 718, for the former opinion of the court in
this case.

*May* 28, 1896.    MATTESON, C. J.    The reargument starts

out with the assumption that the opinion of the court admits
that the undertaking on the back of the note is an express
guaranty and, as such, a separate and distinct contract from
the note and a separate and distinct cause of action, and then
on this assumption proceeds to criticise the opinion from that
standpoint.

Such an assumption is wholly unwarranted. The ground
of demurrer relating to the nature of the undertaking was
that it was a guaranty, and the opinion of the court was an
argument directly against this contention of the defendants.
The court conceded that if the undertaking was to be con-
strued as a guaranty, that the defendants' contentions were
not without authority, and perhaps a preponderance of au-
thority for their support, and that it would follow that the
signers of the undertaking ought not to have been joined as
defendants with the maker of the note, but proceeded to show
that the legal effect of the undertaking was to make the
signers of it joint makers of the note with the other defend-
ant, instead of guarantors. We were called upon to con-
strue the anomalous writing on the back of the note which,
judging from its character, was drawn by some one without
professional knowledge, and who apparently did not have
any clear notion of the technical meaning of the words
"endorse" and "guarantee." The word "endorse," as we
showed in the opinion, could not be given its strict technical
meaning ; and we also pointed out the reasons for thinking
that the word "guarantee" was not so used, viz., that all
the rights which inhere in the contract of guaranty were
waived in the undertaking. We were of the opinion that
the parties intended, as between themselves and the holder
of the note, to bind themselves absolutely for its payment.
Doubtless they supposed that the maker of the note would
first be called upon to pay it, but they meant to render them-
selves liable absolutely in case of his default. This view,
moreover, is strengthened by the consideration, not before
adverted to, that the undertaking is on the back of the note,
which is negotiable, and was apparently intended not merely
for the benefit of the payee, but for the holder, whoever he

might be. We therefore gave to the writing the construction stated, and we are not convinced by the reargument. that we erred in so doing.

*William G. Roelker,* for plaintiff.

*Rollin Mathewson & Frederick Rueckert,* for defendants.